MEMORANDUM *
Fernando Arango appeals the revocation of his citizenship under 8 U.S.C. § 1451(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
Arango first argues that laches bars this denaturalization action. “Laches requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense.” Costello v. United States, 365 U.S. 265, 282, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961). We need not decide whether laches applies. See United States v. Dang, 488 F.3d 1135, 1143-44 (9th Cir. 2007) (“It remains an open question in this circuit as to whether laches is a permissible defense to a denaturalization proceeding.”). Even assuming laches is a permissible defense, Arango’s claim fails as the district court did not err in concluding that Arango failed to prove lack of diligence by the government.[1]
The government’s delay in bringing this denaturalization action was reasonable. When Arango applied for naturalization, his own false statements before and during his interview caused the government’s delay in uncovering his sham marriage, which was ultimately the basis of these denaturalization proceedings. In addition, the decision to hire Arango as a border patrol agent does not prove a lack of diligence because the government did no more than check that his naturalization certificate bore his name and was not forged, and Arango does not show why the government had to do more. Once Agent Stanley Ward pieced together Arango’s full immigration history, the government moved swiftly to begin denaturalization proceedings. Any delay was reasonable, especially considering that no statute places a'time limit on denaturalization actions and the government has broad discretion when prioritizing resources in the immigration context. See Arizona v. United States, 567 U.S. 387, 132 S.Ct. 2492, 2499, 183 L.Ed.2d 351 (2012).[2]
Arango next argues that he had a Sixth Amendment right to a jury trial in these denaturalization proceedings. As the Supreme Court has made clear, denaturalization actions, which in nature are civil, not criminal, “assuredly [do] not involve an adjudication to which the Sixth Amendment right to jury trial attaches.” United States v. Gaudin, 515 U.S. 506, 522, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. Because Arango’s argument fails under any potential standard of review, we need not resolve the intracircuit split over the correct standard for reviewing laches decisions. Evergreen Safety Council v. RSA Network Inc., 697 F.3d 1221, 1226 n.1 (9th Cir. 2012).

. In light of this conclusion, we need not reach Arango’s evidentiary argument related to prejudice.